IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| GARY L. DEAN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 07-129-HO |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff brings this proceeding pursuant to section 205(g) of the Social Security Act (the Act), as amended, 42 U.S.C. § 405(g), to obtain judicial review of the Commissioner's final decision denying plaintiff's application for disability insurance benefits. Plaintiff asserts disability beginning April 8, 1997, due to degenerative disc disease status post discectomy and fusion, post traumatic stress disorder and obesity. After a hearing, an administrative law judge (ALJ) determined that plaintiff is not disabled. The issue in this case is whether plaintiff was disabled

1 - ORDER

as of his last date insured, December 28, 1998.

The court first notes that it agrees with plaintiff that res judicata with respect to plaintiff's previous application for disability benefits does not apply because plaintiff was unrepresented by counsel at the time of the prior claim and raises a new impairment not previously considered, i.e., post traumatic stress disorder.  See Lester v. Chater, 81 F.3d 821, 827-28 (9th Cir. 1995).  Additionally, the court also agrees that the ALJ improperly rejected the opinion Michael Boggs, occupational therapist.

Boggs evaluated plaintiff on August 6, 1999, following plaintiff's recovery from cervical spine surgery on October 13, 1998.  Boggs opined that plaintiff was restricted to the sedentary physical demand level due to increasing symptoms of pain.  Tr. 546. Boggs further opined that plaintiff could not, however, return to work due to being deconditioned and obesity.  Tr. 547.

The ALJ determined that the opinion is of no relevance because it is based on plaintiff's deconditioned state and that does not apply to residual functional capacity determinations.  However, even assuming that plaintiff's obesity and deconditioning are unrelated to his impairments, Boggs opined that plaintiff is limited to the sedentary level because of pain and only mentions plaintiff's deconditioned state because it precludes a return to work (even sedentary work). Tr. 547.  Moreover, the back pain

2 - ORDER

issues and mental issues suffered by plaintiff could very well cause deconditioning.

The ALJ also determined that Boggs actually assessed plaintiff in the light category.  Tr. 24.  Based on an eight hour workday, Boggs opined that plaintiff could lift and carry a maximum of 20 pounds for two hours or less, lift and carry less than ten pounds for six hours or more, stand and/or walk for total of at least two hours, and must alternate between sitting standing to relieve pain. Tr. 548.  The regulations defined sedentary work as

> as involving lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although sitting is involved, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met. By its very nature, work performed primarily in a seated position entails no significant stooping. Most unskilled sedentary jobs require good use of the hands and fingers for repetitive hand-finger actions.
>
> "Occasionally" means occurring from very little up to one-third of the time. Since being on one's feet is required "occasionally" at the sedentary level of exertion, periods of standing or walking should generally total no more than about 2 hours of an 8-hour workday, and sitting should generally total approximately 6 hours of an 8-hour workday. Work processes in specific jobs will dictate how often and how long a person will need to be on his or her feet to obtain or return small articles.

While light work is defined as

> lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted in a particular light job may be very little, <u>a job is in this category when it requires a good deal of walking or standing</u>--the primary difference between sedentary and most light jobs. A job

3 - ORDER

> is also in this category when it involves sitting most of the time but with some pushing and pulling of arm-hand or leg-foot controls, which require greater exertion than in sedentary work; e.g., mattress sewing machine operator, motor-grader operator, and road-roller operator (skilled and semiskilled jobs in these particular instances). Relatively few unskilled light jobs are performed in a seated position.

SSR 83-10 (emphasis added). Boggs' opinion more closely resembles sedentary work and also includes restrictions that preclude even the full range of sedentary work in that plaintiff needs the ability to alternate sitting and standing.   See SSR 83-12. Accordingly, the ALJ erred in rejecting the opinion.

Because of plaintiff's age on his last date insured, and his limit to sedentary work or less, the vocational guidelines dictate that he is disabled if Boggs' opinion is credited.   See Rule 201.14, 20 C.F.R. § 404, Subpart P, Appendix II.   The court therefore credits the opinion. See Schneider v. Commissioner, 223 F.3d 968, 976 (9th Cir. 2000).  The court also agrees that the ALJ erred in rejecting plaintiff's testimony for the reasons stated in plaintiff's briefing.

CONCLUSION

Pursuant to Sentence 4 of 42 U.S.C. § 405(g), the decision of the Commissioner is reversed remanded for an award of benefits.

DATED this _____5th_____ day of __August_____, 2008.

                                    s/ Michael R. Hogan
                              UNITED STATES DISTRICT JUDGE

4 - ORDER